465 So.2d 882 (1985)
BROWNING-FERRIS, INC., Plaintiff-Appellant,
v.
CITY OF MONROE, Louisiana et al., Defendants-Appellees.
No. 16793-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
Writ Denied April 19, 1985.
Brown, Wicker & Amman by William D. Brown, Monroe, for plaintiff-appellant.
Thomas V. Gardner, Jr., Asst. City Atty., Monroe, for defendant-appellee, City of Monroe.
Hudson, Potts & Bernstein by James A. Rountree, Monroe, for defendant-appellee, American Waste and Pollution Control Company.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Browning-Ferris, Inc. sought injunctive relief to prevent the City of Monroe ("City") and American Waste and Pollution Control Company ("American Waste") from performing a contract under which American Waste would accept and landfill all garbage and other refuse delivered to the American Waste site by the City, as allegedly violative of the state Public Bid Law.
Denying the request for both a preliminary and a permanent injunction, the trial judge reasoned that the contract did not involve a "public work". Plaintiff appealed the judgment rejecting its demands, arguing that the trial court erred in concluding that the Public Bid Law was inapplicable to this contract.
For the reasons hereinafter explained, we affirm the judgment of the district court.
The contract in question, let without the taking of public bids, provides that American Waste will operate and maintain a landfill site at its sole cost and expense, including construction costs and other items necessary for the normal operation of a sanitary landfill. The City agreed to deposit the trash and garbage it collected at the American Waste landfill at a cost of $8.95 per ton.
Plaintiff had submitted a letter proposal to the City to perform the same landfill services at a price of $7.45 per ton, which offer was rejected.
La.R.S. 38:2212 provides in pertinent part:

*883 A. (1)(a) All public work exceeding the contract limit [$30,000.00 in 1982, escalating at 3% per year] as herein defined, including labor, and materials, and all purchases of materials or supplies exceeding the sum of five thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder....
The primary issue posed by this case is whether the contract between the City and American Waste is for a "public work" within the meaning of the above quoted law.
In concluding that this contract is for the performance of services rather than for a "public work", the trial court relied primarily upon the case of Wallace Stevens, Inc. v. Lafourche Parish Hospital, District No. 3, 323 So.2d 794 (La.1975). In that case suit was brought against the Hospital District to enjoin it from subscribing for telecommunication services from South Central Bell Telephone Company without first receiving bids on the telephone equipment. After reviewing various definitions of "public work", our supreme court stated:
"From the statutory language ... it appears that the term means a building, physical improvement, or other fixed construction. It does not include telecommunication services that may be provided in a building or in connection with its use." P. 796.
Citing Wallace Stevens, the court in Lafourche Parish Water District No. 1 v. Carl Heck Engineers, Inc., 346 So.2d 769 (La.App. 1st Cir.1977), noted:
"To this Court the message of this case [Wallace Stevens] is clear, `Public work' refers to physical construction and an engineering contract for engineering services is consultant and professional in nature and not a contract for `a building, physical improvement, or other fixed construction.' " PP. 778, 779.
On the other hand, plaintiff relies upon the case of New Orleans Transfer Company, Inc. v. City of New Orleans, 284 So.2d 362 (La.App. 4th Cir.1973), in which it was held that both the state Public Bid Law and the city Home Rule Charter required public bidding on a solid waste disposal contract to be let by the City of New Orleans.
Furthermore, plaintiff argues that Wallace Stevens is distinguishable because (1) the hospital district was not considering identical telephone services and (2) contracting with a telephone company [subject to public regulation] is a "public utility exemption" to the Public Bid Law.
In addition, plaintiff asserts that if Wallace Stevens is applicable, the excavation work to be done under this contract is a "public work" as defined therein.
Our answer to these arguments is that New Orleans Transfer [if not overruled by Wallace Stevens with reference to application of the Public Bid Law] is distinguishable on its facts. In that case the City of New Orleans was to furnish the site for construction of the landfill together with access thereto and utilities. Since the project included resource recovery technology, the City also was to receive part of the profits from recycling. In essence, the contract created a partnership between the City and the contractor rather than simply contracting for services.
In this case the City will not own any of the land occupied by the landfill, will not provide access thereto or utilities, will not exercise any control over operation of the landfill, and will not share in its profits. To summarize, this is simply a contract for services under which the City shall have the non-exclusive right to deposit its garbage and other refuse at American Waste's landfill at a stipulated cost. Consequently, although the factual situation in Wallace Stevens was different, the definition of "public work" set forth therein remains the law. We agree with the trial judge that in this contract the City is not acquiring a "public work". For that reason, the state Public Bid Law is not applicable.
In response to the contention that American Waste's landfill excavation is a "public work", we note that this is to be owned by a private organization rather than a public *884 body. It is, therefore, not covered by the state Public Bid Law.
In conclusion, we find that this is a contract for services (receipt of waste) between the City and American Waste rather than a contract for a "public work" as defined in Wallace Stevens. As a consequence, the trial judge correctly held that public bidding was not required by La.R.S. 38:2212.
For these reasons, we affirm the district court judgment, with cost of appeal assessed to plaintiff-appellant.