Dear Mr. Magendie:
You have requested the opinion of this office relative to the validity of a proposed agreement to purchase by which the State of Louisiana would acquire a presently undeveloped tract of land on which the owner of the land has constructed certain warehouse improvements specifically designed and constructed for the State's intended use as a facility for State Printing Forms Management prior to the State taking title to the property.
This transaction arises out of the following circumstances. The State has for several years been in search of an adequate new or existing facility to house the operations of State Printing Forms Management for lease or purchase but none has been found. The sum of $2,400,000 has been appropriated in the Capital Outlay Budget for such a facility. The Division of Administration previously sought bids for the construction of such a facility on State-owned land but those bids came in approximately $1,000,000 over the available funds. The proposed purchase agreement would result in the State obtaining the desired facility, which is within the Capitol Complex, built to State specifications and within the funds allocated for the project.
While we have not been provided with a copy of the proposed purchase agreement, you have advised that the present owner and/or seller will construct the improvements on the selected site within the Capitol Complex area with its own resources and according to the State's plans and specifications. Upon completion of the construction by the seller, the state will acquire the site with the improvements pursuant to the price and terms of the purchase agreement signed prior to the construction.
The issue is whether such a transaction would violate the Public Bid Law, R.S. 38:2211-2317.
The Public Bid Law prescribes advertising and bid procedures for letting contracts for public works. R.S.38:2211A(9) and (11) define these relevant terms:
 "Public contract" or "contract" means any contract awarded by any public entity for the making of any public works or for the purchase of any materials or supplies.
 "Public work" means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity.
Under R.S. 38:2212A(l)(a) "All public work exceeding the contract limit as defined herein . . . to be paid out ofpublic funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who has bid according to the contract, plans, and specifications as advertised . . ." [Emphasis added.]
Louisiana courts have found "public work" to mean a building, physical improvement, or other fixed construction. SeeWallace Stephens, Inc. V. Lafourche ParishHospital District No. 3, 323 So.2d 794 (la. 1975); andLafourche Parish Water District No. 1 v. Carl HeckEngineers, 346 So.2d 769 (La.App. 1st Cir. 1977).
In BFI v. City of Monroe, 465 So.2d 882
(La.App. 2nd Cir. 1985), the court held that a contract between the City of Monroe and American Waste and Pollution Control Co. (AWP) for the construction, operation and maintenance of a sanitary landfill at AWP's sole cost and expense was not a "public work" within the meaning of the Public Bid Law. The court characterized this contract as one for services whereby the City of Monroe had the non-exclusive right to deposit its garbage at the landfill. In response to the contention that the landfill excavation was a "public work", the court noted that the sanitary landfill was to be owned by a private organization rather than a public entity, and therefore was not subject to the Public Bid Law. 465 So.2d at 882-883.
It appears clear from the statutes and cases that the Public Bid law applies only if a "public entity" contracts for the construction of a "public work" on a "public property" using "public funds". The subject proposal involves a privateentity contracting for a private work onprivate property using private funds. The property enters the public domain only after all of those transactions have been accomplished and the State completes the purchase of the improved immovable property. There are no State statutes which require the State to adhere to any specified procedures for the acquisition of real estate, and competitive bidding is neither required nor feasible given the variables of location, configuration, access and other factors inherent in the comparison of available land parcels.
Based on the statutes and jurisprudence referred to above, it is my opinion that the construction of improvements on the seller's property with private funds is not subject to the Public Bid Law. There is no law which would prohibit the State from entering into a purchase agreement for the purchase of a site which will be improved before the sale is concluded.
I trust that this answers your inquiry. Please advise if we may be of any further assistance to you in this matter.
Very truly yours,
 JACK E. YELVERTON 1st Assistant Attorney General
JEY/sp