Dear Mr. Labat:
On behalf of the Terrebonne Parish Consolidated Government you have requested the opinion of this office on the applicability of the Public Bid Law to the award of four contracts for the "eradication and removal of aquatic vegetation, fallen trees and other debris in reservoirs or canals and on levees" in various locations in the parish and for the purpose of improving the drainage system. The Terrebonne Parish Council passed four resolutions authorizing the Parish President to negotiate and execute the four contracts that range from $30,000 to $100,000. The Council has characterized these contracts as "professional service contracts" and is concerned that these contracts do not meet the definition of "professional services" as set forth in R.S. 38:2310(7). You ask for a definitive answer on the term "professional services". The Council also declared an emergency to exist and now asks if the contracts, as approved in the final, adopted resolutions of the Council, would be "legal" and appropriate. You also ask whether the contracts would be legal if no emergency were declared. Finally, you ask how long the provisions of the Louisiana Public Bid Law providing for "an emergency" stay in effect. Attached to your request was a copy of the following:
 1. Resolution No. 02 of the Terrebonne Parish Consolidated Government authorizing the Parish President to negotiate and execute professional service contract with Presco Amphibious Equipment, Inc. with attached quote and response;
 2. Resolution No. 02 of the Terrebonne Parish Consolidated Government authorizing the Parish President to negotiate and execute professional service contracts with Frogco Amphibious Equipment, Inc. with attached quote and response;
 3. Resolution No. 02 of the Terrebonne Parish Consolidated Government authorizing the Parish President to negotiate and execute professional service contracts with Reliable Onshore Services Co. with attached quote and response;
 4. Resolution No. 02 of the Terrebonne Parish Consolidated Government authorizing the Parish President to negotiate and execute professional service contracts with Coastal Amphibious Services, Inc. with attached quote and response;
 5. Copy of the September 24, 2002, Terrebonne Parish Consolidated Government, Public Service Committee Agenda; and;
 6. Tape of the September 24, 2002, Public Service Committee.
 7. Declaration of Emergency issued October 2, 2002 and November 1, 2002;
 8. October 4, 2002, opinion letter from the Parish Attorney.
Under the Public Bid Law, contracts for public works projects costing $100,000 or more must be advertised and let by contract to the lowest responsible and responsive bidder. Public works means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. LSA-R.S. 38:2212(1)(a) (d) and 38:2211(11).
Contracts for the purchase of material and supplies exceeding $15,000 must be advertised and let by contract to the lowest responsible and responsive bidder. Contracts for purchases of materials and supplies costing $7,500 or more, but less than $15,000, must be made by obtaining no fewer than three telephone or fax quotations on the same specifications for the desired purchase. R.S. 38:2212.1A(1)(a) 
(b). There are no provisions which set forth procurement requirements for smaller purchases.
While the Board is subject to the Louisiana Public Bid Law when contracting for public works or the purchase of materials and supplies, our courts have held that contracts for services, professional or otherwise, are not subject to the requirements of that statute.Lafourche Parish Water District No. 1 v. Carl Heck Engineers, Inc.
(La.App. 1st Cir. 1977) 346 So.2d 769; BFI, Inc. v. City of Monroe
(La.App. 2d Cir. 1985) 465 So.2d 882. A contract for the routine eradication and removal of aquatic vegetation, fallen trees and other debris in reservoirs or canals and on levees constitutes a service contract and not a public work.
LSA-R.S. 38:2310(7) provides a definition of "Professional services" under Part VII. Selection of Professional Services for Public Contracts. This section relates to professional service contracts sought by State Agencies and sets up a specific method and procedure for the selection of architects, engineers, and landscape architects. This provision does not apply to political subdivisions and therefore no limitation exists on the type of service agreement a political subdivision may negotiate.
Since the Public Bid Law is inapplicable to the four contracts contemplated by Terrebone Parish then the emergency exemption of the Public Bid Law and the length of any such emergency is likewise inapplicable and has no bearing on whether the contemplated service contacts are legal or appropriate.
While we are not aware of any other statute which would prescribe a method for award of such contracts for services, regardless of contract price, it is prudent that the Board establish procedures for award of contracts over $15,000. The same bid procedure used for public projects or purchases can be used. A request for proposals process would also be a valid means of selecting a contractor, giving weight to relevant factors in addition to price.
This office is of the opinion that the four contemplated contracts for routine eradication and removal of aquatic vegetation, fallen trees and other debris in reservoirs or canal and on levees are for services and are not subject to the Public Bid Law or any exemption thereof and would be valid if otherwise executed in accordance with state contract law.
We trust that this answers your inquiry.
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ RICHARD L. MCGIMSEY
Assistant Attorney General Public Finance Contracts Section
RPI/RLM/dam
Date Received: December 2, 2002