Dear Mayor Hightower:
On behalf of the City of Shreveport you have requested the opinion of this office on the applicability of the Public Bid Law to the employment of engineers, geologists and other professionals retained by the City of Shreveport and who performed environmental studies and investigations of properties purchased by the City for the possible use for construction of a Convention Center and garage. You have also asked whether the Public Bid Law applied to certain contracts relating to the remedial plan developed by the professionals and approved by the Louisiana Department of Environmental Quality. The remedial plan included the removal of existing contaminated soil from the site and the supply of new fill material to bring the site up to grade for construction. The City obtained at least three (3) quotes for both the removal of the contaminated soil and the supply of new fill material. The award of each was given to the lowest bidder. Attached to your request was a copy of the following:
 1. Various correspondence from the professionals associated with the project;
 2. Scope of Work prepared for the professional services required;
 3. Cost Quotations for transportation of contaminated soil and backhaul of replacement soil;
 4. Cost Quotations for purchasing select fill material and transportation;
 5. Summary of Events dated March 7, 2003, with attached project invoice spreadsheet summary.
Under the Public Bid Law, contracts for public works projects costing $100,000 or more must be advertised and let by contract to the lowest responsible and responsive bidder. Public works means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. LSA-R.S. 38:2212A(1)(a) (d) and 38:2211(11).
Contracts for the purchase of material and supplies exceeding $15,000 must be advertised and let by contract to the lowest responsible and responsive bidder. Contracts for purchases of materials and supplies costing $7,500 or more, but less than $15,000, must be made by obtaining no fewer than three telephone or fax quotations on the same specifications for the desired purchase. R.S. 38:2212.1A(1)(a) 
(b). There are no provisions which set forth procurement requirements for smaller purchases.
While the City of Shreveport is subject to the Louisiana Public Bid Law when contracting for public works or the purchase of materials and supplies, our courts have held that contracts for services, professional or otherwise, are not subject to the requirements of that statute.Lafourche Parish Water District No. 1 v. Carl Heck Engineers, Inc.
(La.App. 1st Cir. 1977) 346 So.2d 769; BFI, Inc. v. City of Monroe
(La.App. 2d Cir. 1985) 465 So.2d 882. A contract to retain professionals to perform environmental studies and investigations constitutes a contract for services and is not subject to the Louisiana Public Bid Law.
However, work associated with the implementation of the remedial plan developed by the professionals and which included the removal of contaminated soil and the fill of new material to bring the site up to grade would constitute a public works project and would require compliance with the Public Bid Law if the total cost exceeded the contract limit of $100,000. The removal of soil and fill of new material meets the definition of public work in that such work relates to the "improvement or repair of immovable property owned by a public entity." While the City did engage in a competitive bid process by obtaining written quotations for the work and awarded the contract to the lowest bidder the Public Bid Law requires public works projects of this description and this amount to be advertised and subject to sealed bids.
This office is of the opinion that the professional contracts to perform environmental studies and investigations are for services and are not subject to the Public Bid Law. Contracts for the implementation of the remedial plan requiring transportation of contaminated soil and backhaul of replacement soil must be executed in accordance with Public Bid Law.
We trust that this answers your inquiry.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ RICHARD L. MCGIMSEY Assistant Attorney General
RPI/RLM/dam
Date Received: March 24, 2003