Dear Secretary Movassaghi:
On behalf of the Louisiana Department of Transportation and Development you have requested the opinion of this office concerning privatization of the State Interstate Logos Program. (LSA R.S. 48:274.1) Pursuant to this program DOTD contracts with business owners for placement of logo signs within the State right-of-way of the interstate and other controlled access highways. Due to budget and manpower constraints, the Department of Transportation and Development is considering privatization of this program so that it can be carried out in a more efficient and less expensive manner. Your request has four (4) questions, each of which will be separately addressed.
Request for Opinion No. 1:
Is privatization of the Interstate Logos Program authorized by R.S.48:274.1 and, if so, by what method of selection of the contractor must take place. According to your request the DOTD would continue to own the interstate signs and any contract would be for services involved in the marketing and contracting of business owners for the placement of a logo on the sign. R.S. 48:274.1 relates to the authority of DOTD to regulate the content, composition, placement, erection and maintenance of the logo signs. The statute also establishes a specific fee schedule for the logos and deposit requirements for the fees collected. There is no provision in the statute that would grant the DOTD the authority to privatize the logo program.
If the DOTD obtained such authorization what would be the appropriate selection procedure? While the DOTD is subject to R.S. 48:251.9(11) when contracting for public works, our courts have held that contracts for services, professional or otherwise, are not public works. LafourcheParish Water District No. 1 v. Carl Heck Engineers, Inc. (La.App. 1st Cir. 1977) 346 So.2d 769; BFI, Inc. v. City of Monroe (La.App. 2d Cir. 1985) 465 So.2d 882. A contract to market and contract with business owners for the placement of a logo constitutes a contract for services and not public works. Such a contract would not subject to the competitive sealed bidding requirements of R.S. 48:252 et seq.
Request for Opinion No. 2:
Can the privatizing logos contractor be selected pursuant to the procedure set forth in R.S. 48:285, et seq.? No. R.S. 48:285, et seq. relates to the employment of consultants by the Department of Transportation and Development. R.S. 48:285 provides that the purpose of these provisions is to prescribe a policy for both the competitive and non-competitive selection of consultants for construction and preconstruction engineering services, research, planning, environmental, and other activities. The privatization of the interstate logos program would not involve consultants for the purposes stated in the statute and would therefore not constitute "other activities" referred to in the statute. Any privatization of the interstate logo program that is considered a service contract is subject to the Louisiana Procurement Code. La.R.S. 39:1554B.
Request for Opinion No. 3:
Can a privatization contract have a minimum term of five years pursuant to R.S. 48:285 et seq.? As stated above the DOTD is subject to the Louisiana Procurement Code when contracting for services. Should the contracts contemplated by DOTD be considered an operating service contract pursuant to the rules and regulations of the Louisiana Office of State Purchasing then R.S. 39:1615A may allow such a contract to be entered for up to five (5) years either through a multi-year contract or through a one year contract with four (4) annual renewals.
Request for Opinion NO. 4:
Does R.S. 48:274.1(D) require all fees collected pursuant to the Interstate Logos Program, even those collected by a private contractor, be deposited in the State Treasurer or can the contractor deduct his costs and fees and only the net amount paid to DOTD be deposited? R.S. 274.1(D) provides that "All fees collected pursuant to the provisions of this Section shall be considered as self-generated revenues and deposited by the secretary of the Department of Transportation and Development into the state treasury for credit to the Department of Transportation and Development."
The following rules of statutory interpretation and construction are applicable to the issue presented.
LSA-C.C. Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
LSA-C.C. Art. 10. Language susceptible of different meanings
 When the language of the law is susceptible of different meanings, it must be interpreted as having a meaning that best conforms to the purpose of the law.
LSA-C.C. Art. 12. Ambiguous words
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
R.S. 1 § 3. Words and phrases; how construed
 Words and phrases shall be read with their context and according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word "shall" is mandatory and the word "may" is permissive.
Regardless of whether DOTD has the present statutory authority to privatize the Interstate Logo Program through a service contract properly procured through the Louisiana Procurement Code LA.R.S. 48:274.1(D) unambiguously requires all fees collected pursuant to the program be deposited by DOTD into the state treasury. The interpretation that the private contractor could deduct his costs and fees from the total fees collected and pay DOTD the difference would be inconsistent with LA. C.C. Art. 9.
We trust that this answers your inquiry.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ RICHARD L. MCGIMSEY Assistant Attorney General
RPI/RLM/dam
Date Received: May 7, 2003
 Richard L. McGimsey Assistant Attorney General