Dear Ms. Hamilton:
On behalf of the Police Jury of Natchitoches Parish you have requested the opinion of this office on the applicability of the Public Bid Law to a proposed contract for the collection, transportation and disposal of solid waste. At the present time parish residents bring their garbage to centrally located green boxes and the Parish then collects and transports the garbage to a compacting station where the garbage is disposed of by a contractor pursuant to an existing Compactor Station Operating and Maintenance Agreement. The Parish is now considering changing to a mailbox pickup service wherein the green boxes would be eliminated and a contractor would collect garbage at the resident location and then transport and dispose of the garbage.
Specifically, you ask whether the Police Jury must seek proposals or bids for the new mailbox pickup system of garbage collection and transportation or whether the Police Jury may negotiate with the current provider for the proposed mailbox pickup service without advertising for bids or proposals. Attached to your request was a copy of the existing Pick-Up Station Operating and Maintenance Agreement dated December 7, 2000 and the Resolution of the Police Jury requesting the opinion of our office.
Under the Public Bid Law, contracts for public works projects costing $100,000 or more must be advertised and let by contract to the lowest responsible and responsive bidder. Public works means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. LSA-R.S. 38:2212(1)(a) (d) and 38:2211(11).
Contracts for the purchase of material and supplies exceeding $20,000 must be advertised and let by contract to the lowest responsible and responsive bidder. Contracts for purchases of materials and supplies costing $10,00 or more, but less than $20,000, must be made by obtaining no fewer than three telephone or fax quotations on the same specifications for the desired purchase. R.S. 38:2212.1A(1)(a) 
(b). There are no provisions which set forth procurement requirements for smaller purchases.
While the Board is subject to the Louisiana Public Bid Law when contracting for public works or the purchase of materials and supplies, our courts have held that contracts for services, professional or otherwise, are not subject to the requirements of that statute.Lafourche Parish Water District No. 1 v. Carl Heck Engineers, Inc.
(La.App. 1st Cir. 1977) 346 So.2d 769; BFI, Inc. v. City of Monroe
(La.App. 2d Cir. 1985) 465 So.2d 882.
Our office has previously opined that a non-exclusive contract for collection, transportation or disposal of garbage is a service and may be negotiated rather than awarded by public bid. Attorney General Opinion Nos. 97-239, 97-205 and 96-130 are enclosed for your review.
R.S. 33:4169.1A(3) authorizes the parish "To enter time contracts for the collection and transportation of garbage or trash for a term of up to ten years, and for the disposal of garbage or trash for a term of up to twenty-five years." This authority does not require the use of a public bid process unless the contract awarded is in the nature of an exclusive franchise agreement. The contract you describe appears to be in the nature of collection, transportation and disposal of garbage which would be limited to a 25-year term.
While we are not aware of any other statute which would prescribe a method for award of such a contract for the collection and transportation of garbage, regardless of contract price, it is prudent that the Parish establish procedures for award of contracts over $20,000. The same bid procedure used for public projects or purchases can be used. A request for proposals process would also be a valid means of selecting a contractor, giving weight to relevant factors in addition to price.
This office is therefore of the opinion that a contract for the non-exclusive mailbox collection and transportation of garbage is for services and is not subject to the Public Bid Law. The Parish may negotiate or renegotiate the contract rather than seek public bids subject to the term restrictions of LSA R.S. 33:4169.1.
We trust that this answers your inquiry.
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________ RICHARD L. MCGIMSEY Assistant Attorney General Public Finance Contracts Section
RPI/RLM/dam Enclosures
Date Released:
Date Received: October 27, 2003
OPINION NUMBER 97-239
JUNE 30, 1997
Syllabus
90-A-1: Public Funds Contracts La.R.S. 33:4169.1
Contracts for collection of solid waste, unless structured as an exclusive franchise, may be negotiated rather than awarded by public bid.
Mr. Gary J. Ortego Attorney at Law Evangeline Parish Solid Waste Comm Post Office Box 810 Ville Platte, LA 70586
Dear Mr. Ortego:
You have requested the opinion of this office on the following issue:
 Does the Evangeline Parish Solid Waste Commission have the authority to negotiate and/or re-negotiate their contract for collection of solid waste at the end of each contract term without seeking bids for the award of such contract?
This issue has previously been addressed in Attorney General Opinion Number 94-108, a copy of which is enclosed for your review. The conclusion is that, unless such contracts are structured as exclusive franchises, they may be awarded by negotiation rather than a public bid process. Therefore, the Evangeline Parish Solid Waste Commission may negotiate or renegotiate contracts for the collection of solid waste rather than seek public bids for such contracts.
Of course, there is nothing in the law which would prohibit the Commission from seeking bids for such services should they choose to do so.
I trust that this answers your inquiry. Please let us know if we may be of further assistance in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________ GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/cla
OPINION NUMBER 97-205
JUNE 17, 1997
Syllabus
88: Police Juries 90-A-1: Public Funds Contracts
The Evangeline Parish Police Jury does not have the authority to approve the budget of the Evangeline Parish Solid Waste Commission. R.S. 33:4169.1 provides only that "exclusive franchises" for garbage collection must be bid in accordance with the public bid law. However, any contract for the collection and transportation of garbage must be limited for a term of up to ten years.
Honorable C. Brent Coreil District Attorney 13th Judicial District — Evangeline Parish Post Office Drawer 780 Ville Platte, Louisiana 70586
Dear Mr. Coreil:
This office is in receipt of your opinion request wherein you presented two issues for our review and response.
Your first question pertains to the authority of the Evangeline Parish Police Jury (the "Police Jury") over the Evangeline Parish Solid Waste Commission (the "Commission"), created by Act 710 of 1984, in connection with the creation of the Evangeline Parish Solid Waste District (the "District"). Specifically, you ask whether the Police Jury has the right and/or authority to review and approve the budget of the Commission based upon the fact that the Police Jury exercises certain controls over the Commission and based upon the fact that the Police Jury controls the amount of taxes levied by the Evangeline Parish Solid Waste Disposal Tax District (the "Tax District").
With regard to the Police Jury's control over the Commission and thereby the District, we note, as you did, that six of the Commission's members are appointed by the Police Jury, that the Police Jury approves the salaries of the Commissioners and of the Commission's secretary-treasurer, and that the Police Jury must approve any taxes levied by the Commission. (See Act 710 of 1984).
With regard to the Tax District, you have advised that the Tax District was created by, and is supervised and maintained by the Police Jury. Additionally, the Tax District's membership consists of Police Jury members. You further advise that the Police Jury has the authority to decrease the amount of the taxes levied by the Tax District, if a determination is made that the amount levied is in excess of what is necessary for solid waste disposal.
In spite of the amount of control which the Police Jury exercises over the District, it is the opinion of this office that the Police Jury does not have the authority to approve the budget of the Commission. In accordance with Act 710 of 1984, specifically Section 3(A), the District is "governed" by the Commission. Implicitly, the authority to "govern" the District includes the ability to independently determine its budget. We note, however, that the Commission would be required, under the Public Records Act, to furnish a copy of its budget prepared in accordance with the Louisiana Local Government Budget Act if so requested by the Police Jury. It is also our opinion that in accordance with the Public Records Act, the Police Jury may also obtain access to documents pertaining to the obligations and expenditures of the Commission and the District.
In spite of our opinion set forth above, we point out that if the Commission were to request the approval of the Police Jury for the levy or renewal of District taxes, then the Police Jury would have the right to request any information it would need to determine whether such taxes were necessary. Similarly, the Tax District should not levy any taxes for solid waste disposal unless it is satisfied, pursuant to information supplied by the Commission and District, that such taxes are necessary.
Your second question pertains to Atty. Gen. Op. No. 84-337, which opined that contracts for the pickup of solid waste are contracts for services, and as such, do not fall under the public laws. Specifically, you are interested in determining whether that opinion is correct, in light of R.S. 33:4169.1, which pertinently provides parochial governing authorities with the power to:
 ". . . grant permits, licenses, exclusive or nonexclusive franchises, or any combination thereof to garbage and trash collectors and disposers. Any exclusive franchise shall be granted only after advertising for bids, reception of bids, and awarding of the contract or contracts in accordance with the public laws of the state and other provisions of law."
R.S. 33:4169.1 further provides that "time contracts" for garbage and trash collection can be "for a term of ten years".
It is the opinion of this office that R.S. 33:4169.1 provides only that "exclusive franchises" for garbage collection must be bid in accordance with the public bid law. In our opinion, "nonexclusive franchises" would not be subject to the public law. As such, Atty. Gen. Op. No. 84-337 is correct, at least with regard to nonexclusive franchises for the collection of solid waste.
We note that R.S. 33:4169.1 does not distinguish between exclusive and nonexclusive franchises with regard to the length of time that such contracts can extend. Therefore, it is our opinion that any contract for the collection and transportation of garbage must be limited for a term of up to ten years.
I am enclosing herewith copies of Atty. Gen. Op. Nos. 89-592, 89-37 and 89-37-A, which are all pertinent to your second question.
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/cla
OPINION NUMBER 96-130
APRIL 9, 1996
Syllabus
90-A-1: Public Funds Contracts R.S. 33:1321 and following R.S. 33:4169.1 and following R.S. 38:2211 and following R.S. 41:1211 and following
Iberia Parish may use tax proceeds dedicated to solid waste collection and disposal for unincorporated areas for a co-composting program which will treat solid waste. Such tax proceeds may not be used to treat solid waste from incorporated areas or areas outside Iberia Parish Public Bid Law and Public Lease Law must be complied with. Contract for the operation of such a facility need not be bid and may extend up to 25 years.
Mr. J. Wayne Landry Assistant District Attorney Courthouse, Suite 200 New Iberia, LA 70560-4583
Dear Mr. Landry:
You have requested the opinion of this office on the following issues:
1.A. The Iberia Parish Council is considering a co-composting program which would utilize and recycle part of the solid waste generated in the unincorporated areas of the parish, along with sewer sludge generated in those areas. Could the costs of constructing and operating such a facility be paid for with the proceeds of the sales taxes approved for solid waste collection and disposal in 1982 and 1993?
1.B. May the tax proceeds generated under these sales tax propositions be used if waste streams generated by Iberia Parish municipalities, or governmental entities of surrounding parishes are processed as part of this co-composting program?
2. May the Parish negotiate a contract with a private entity for the operation of such a co-composting facility without public bids?
3. May such an operating contract extend for a term of twenty years?
4. May the Parish contract with a private entity to construct, own and operate such a co-composting facility on a site owned by the Parish?
5. As an alternative, may the Parish construct and own its own co-composting facility on its own land and then contract with a company to operate the facility over a twenty year period?
1. A B. We have reviewed the language of the tax propositions approved by the voters m 1982 and 1993 for solid waste collection and disposal in the unincorporated areas of Iberia Parish and find that the language is broad enough to allow the proceeds of those taxes to be applied to the proposed co-composting program as a means of implementing the recycling program explicitly authorized by the 1993 proposition. Since both of these propositions dedicate tax revenues to dealing with solid waste collected in the unincorporated areas of the parish, such revenues could not be utilized to pay the entire cost of a contract which disposes of waste generated in the incorporated municipalities, or by areas outside Iberia Parish. However, it is likely that a contract could be structured in such a manner which would deal with solid waste from many sources, with each source being charged an appropriate unit cost for each ton (or other measure) of waste generated from that entity. R.S.33:1321 provides authority for intergovernmental cooperative agreements for such joint operations.
2. R.S. 33:4169.1A (3) authorizes the parish "To enter into time contracts for the collection and transportation of garbage or trash for a term of up to ten years, and for the disposal of garbage or trash for a term of up to twenty-five years." This authority does not require the use of a public bid process unless the contract granted is in the nature of an exclusive franchise. See R.S. 33:4169.1A (2) and Opinion Number 94-108 which I have enclosed for your reference.
3. As set forth in R.S. 33:4169.1A (3) contracts for the collection and transportation of garbage and trash may not exceed 10 years in term, while contracts for the disposal of garbage and trash may be for up to twenty-five years in term. The contract which you describe appears to be in the nature of a disposal contract which would be limited to a 25 year term.
4. The parish may contract with a private entity to construct a co-composting facility on a parish-owned site, but must do so in compliance with the Public Bid Law, R.S. 38:2211 and following. The parish may allow a private company to construct its own facility on parish owned land only after awarding a lease for the use of such land to the private company pursuant to R.S. 41:1211 and following, which mandates a public bid process. In advertising for bids for lease of the public land, the parish may specify what use the land must be put to and the type of facility which may be erected on the land. See, Plantation on the Green,Inc. v. Gamble et al, 441 So.2d 299 (La.App. 4 Cir. 1983); Writ Denied, Dec. 19, 1983. If the parish constructs its own facility with public funds, it may then negotiate a contract with an operator for the facility without public bids since this would constitute a contract for services, rather than for public works or purchase of materials and supplies.
5. As indicated in response to 3 and 4 above, the parish may construct and own its own co-composting facility on its own land, having complied with the Public Bid Law, and then contract with a company to operate that facility for a term up to 25 years, without submitting such a contract to a public bid process.
I trust that this answers your inquiries. Please let me know if we may be of further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________ GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/cla