Dear Mr. Sills:
On Behalf of the Louisiana School Boards Association ("Association") you have requested the opinion of this office on the applicability of the Louisiana Public Bid Law to the award of certain contracts by the Association in connection with their participation in the E-rate program sponsored by the Federal Communications Commission ("FCC"). Specifically, you refer to the procurement of Internet access services and/or internal connections by the Association. You also ask whether the Parish School Board ("PSB") may purchase equipment that is on the State bid list without advertising for bids.
Your request included summaries of purchases by the various members of the Association and correspondence from Universal Service Administrative Company ("USAC"), the administrator of the E-rate program. The opinion request states that the E-rate program was implemented by the Federal Communications Commission ("FCC") to fulfill its statutory mandate to assist schools and libraries in obtaining affordable telecommunications and Internet services. The E-rate program funds three service categories for schools and libraries: (1) telecommunications services; (2) Internet access; and (3) internal connections. Your request further states that 14 Louisiana public school boards (the "PSBs") participated in the E-rate program by seeking funding for services classified as "Internet access" or internal connections under the program. The funding requests differed from school to school but basically ranged from Internet access service only to a combination of Internet access, maintenance and technical support services, and the purchase and installation of related equipment or wiring. You state that the maintenance services, equipment and wiring are designated under the E-rate program as part of "internal connections."
In connection with the acquisition of Internet access services and/or internal connections, each school submitted a bid request (Form 470) to the Schools and Libraries Division ("SLD") which was then posted on the Universal Service Administrative Company ("USAC") website for 28 days, seeking competitive bids for Internet access and/or internal connections. This posting and seeking of competitive bids was done in compliance with FCC and SLD/USAC rules and regulations. After the running of the 28 day advertisement period the PSB reviewed all responsive proposals and entered into a contract with the selected service provider. The selection was then submitted to SLD who reviewed the award process and thereafter issued a funding commitment decision either granting or denying the funding request. In the case of the funding requests of the14 PSBs the SLD denied the funding request stating that the PSBs did not comply with Sections 2212 and 2212.1 of Title 38 of the Louisiana Revised Statutes (the Louisiana Public Bid Law). An appeal to the USAC was taken with the USAC denying the appeal and upholding the funding denial finding that while the PSBs may have violated R.S. 38:2212
and 2212.1the PSBs clearly violated the public bid law provisions relating to Telecommunications and Data Processing Procurement by Political Subdivisions (R.S. 38:2234-2237.)
The USAC concluded in its ruling that Louisiana state law requires either an RFP or other competitive bidding process in the procurement of telecommunications and data processing equipment, systems, or related services. The USAC stated in its decision that for contracts solely for services, but where such services are provided in connection with related non-leased equipment, an RFP or other competitive bidding procedure is required for both the services and equipment together. For contracts solely for services the USAC concluded that an RFP is required pursuant to Louisiana law expressly governing the purchase of telecommunications services.
The PSBs argue that the provisions of R.S. 38:2234-2237 are not applicable because Internet access services and internal connections are not included in the scope of the statutory coverage and, in the alternative, the competitive bid procedures undertaken by the PSBs satisfy the requirements of the statute.
Under the Public Bid Law, contracts for public works projects costing $100,000 or more must be advertised and let by contract to the lowest responsible and responsive bidder. Public works means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. LSA-R.S. 38:2212(1)(a) (d) and 38:2211(11).
However, public works contracts that are estimated to cost less than the contract limit of $100,000 are not subject to the advertisement and bidding requirements of the Public Bid Law and may be negotiated with one or more contractors or undertaken by the public entity with its own employees. LSA-R.S. 38:2212B.
To determine if the public works contract exceeds the $100,000 contract limit, the public entity must add together the total cost of materials that will go into the project, the wages and benefits which will be paid to the employees used in the project, the cost of supervision and administrative overhead not to exceed fifteen percent, and the rental value of the owned equipment which will be used as per the rates in the latest edition of the Association Equipment Dealers Rental Book.
Contracts for the purchase of material and supplies exceeding $20,000 must be advertised and let by contract to the lowest responsible and responsive bidder. Contracts for purchases of materials and supplies costing $10,000 or more, but less than $20,000, must be made by obtaining no fewer than three telephone or fax quotations on the same specifications for the desired purchase. R.S. 38:2212.1A(1)(a) (b). There are no provisions which set forth procurement requirements for smaller purchases.
While the 14 School Boards are subject to the Louisiana Public Bid Law when contracting for public works and for the purchase of materials and supplies, our courts have held that contracts for services, professional or otherwise, are not subject to the requirements of that statute.Lafourche Parish Water District No. 1 v. Carl Heck Engineers, Inc.
(La.App. 1st Cir. 1977) 346 So.2d 769; BFI, Inc. v. City of Monroe
(La.App. 2d Cir. 1985) 465 So.2d 882.
LSA-R.S. 38:2310(7) provides a definition of "Professional services" under Part VII. Selection of Professional Services for Public Contracts. This section relates to professional service contracts sought by State Agencies and sets up a specific method and procedure for the selection of architects, engineers, and landscape architects. This provision does not apply to political subdivisions such as a school board and therefore no limitation exists on the type of service agreement a school board may negotiate.
The USAC decision interpreted R.S. 38:2234-2237 to require either an RFP or other statutory bid procedure for all telecommunication and data processing procurements even if the procurement does not require bidding as a public work or a material and supply pursuant to R.S. 38:2212 and 2212.1. The Telecommunications and Data Processing Procurement provisions of the Public Bid Law (R.S. 38:2234-2237) clearly state that the use of an RFP for telecommunication and data processing procurements is an alternative to the required bid procedures set forth in R.S. 38:2212
and 2212.1. Its use is optional and not mandatory for the otherwise required bidding of materials and supplies that fall within the definition of telecommunications and data processing. In other words, a purchase of materials and supplies that would otherwise be subject to the bidding requirement of R.S. 38:2212 or 38:2212.1 may, if classified as telecommunications or data processing, be procured pursuant to the provisions of 38:2234-2238. If the procurement is not required to be bid pursuant to the general bid law (R.S. 38:2212 and 38:2212.1) then the Telecommunication and Data Processing Procurement provisions are optional, not mandatory.
Thus it must first be determined whether the proposed procurement is for public works projects, for the purchase of materials and supplies or for the procurement of services. For example, a purchase of an existing, commercially available software package (with an accompanying license for its use), the development of a computer software program or the modification, enhancement, or customization of existing computer software would be a purchase of materials and supplies and therefore subject to the public bid law but a contract to install, provide connectivity to or for, support or maintain computer software is a contract for services not subject to the public bid requirements. See Attorney General Op. No. 04-0264.
While it would appear that the procurement of Internet access and internal connections would be contracts for services not subject to the bid law a fact specific analysis is required. Each procurement must be individually evaluated to determine if the Public Bid Law applies and if so, whether the contract is for a public works project or is for the purchase of materials and supplies. If for a public works project that exceeds $100,000.00 then the public bid law applies. If the procurement is for materials and supplies and consists of telecommunications or data processing equipment that exceeds the statutory threshold then the procurement must either be made pursuant to R.S. 38:2212.1 or R.S.38:2234-2237. If the procurement is for a service, professional or otherwise, then the contract may be negotiated with one or more contractors, purchased through the formal bid process or procured through a request for proposal process. A request for proposals process similar to that described in LSA-R.S. 38:2234 et seq. would be a legally acceptable procurement method of selecting a contractor who is providing these services. See Atty. Gen. Op. No. 02-0152 (A "request for proposals" is a valid method to evaluate potential maintenance service contractors, giving weight to factors in addition to cost). See Atty. Gen Op. No. 95-269 (School Board may purchase computer software by means of a Request for Proposals in compliance with the requirements of R.S.38:2237 ) The posting of the bid proposal on the USAC website would certainly appear to be an acceptable process that would assure a competitive bid process.
Your last question relates to whether the Public School Boards may purchase equipment off the state bid list without advertising for bids. LSA-R.S. 39:1702A(1) provides the authority for political subdivisions to purchase equipment through existing state contracts. LSA-R.S. 39:1702A(1) states as follows:
 1702A.(1): Any public procurement unit may either participate in, sponsor, conduct, or administer a cooperative purchasing agreement for the acquisition of any supplies, services, major repairs, or construction with one or more public procurement units or external procurement activities or one or more private procurement units in accordance with an agreement entered into between the participants. Such cooperative purchasing may include but is not limited to joint or multi-party contracts between public procurement units and open-ended state public procurement unit contracts which are made available to local public procurement units.
Thus, a political subdivision such as a Public School Board, may issue an equipment purchase order to the vendor who holds the state contract for the equipment as long as the purchase is for the same product at the same or lower price. Also see AG Op. Nos. 90-582 and 93-129.
This office is therefore of the opinion that a public works contract that exceeds the contract limit in LSA-R.S. 38:2211A(1)(d) is subject to the advertising and bidding requirements of the Louisiana Public Bid Law. A contract for the procurement of materials and supplies that exceeds the contract limits of LSA-R.S. 38:2212.1A(1)(a) and which constitute telecommunications or data processing purchases must be procured either through the formal bid process set forth in R.S. 38:2212.1
or through a request for proposals provided in R.S. 38:2234-2237. A contract for services, professional or otherwise, is not subject to the Public Bid Law requirements but may be may be procured by means of a Request for Proposals. It is also our opinion that a political subdivision may use La.R.S. 39:1701A(1) to make equipment purchases through existing state contracts without being subject to further bid.
We trust this answers your inquiry. Please advise if we may be of further assistance to you in this matter.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ RICHARD L. MCGIMSEY Assistant Attorney General
CCFI/RLM/dam