Dear Mr. Evans:
As District Attorney for the Thirty-Seventh Judicial District you have requested the opinion of this office on the applicability of the Public Bid Law to the award of professional service contracts between the Caldwell Parish Indigent Defender Board (Board) and attorneys or firms selected by the Board to provide legal assistance to indigents. Specifically, you ask if the Indigent Defender Board may unilaterally enter into a professional service contract with an attorney or firm of their choosing without compliance with some type of bidding or notice requirement. In addition, you request our opinion on whether an attorney or firm under contract to assist the indigent can assess an administrative fee to the indigent for filing an application with their office.
Under the Public Bid Law, contracts for public works projects costing $100,000 or more must be advertised and let by contract to the lowest responsible and responsive bidder. Public works means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. LSA-R.S. 38:2212(1)(a) (d) and 38:2211(11).
Contracts for the purchase of material and supplies exceeding $20,000 must be advertised and let by contract to the lowest responsible and responsive bidder. Contracts for purchases of materials and supplies costing $10,000 or more, but less than $20,000, must be made by obtaining no fewer than three telephone or fax quotations on the same specifications for the desired purchase. R.S. 38:2212.1A(1)(a) (b). There are no provisions which set forth procurement requirements for smaller purchases.
The Caldwell Parish Indigent Defender Board is established pursuant to LSA R.S. 15:141 et seq., and is considered a political subdivision of the state. See Attorney General Op. Nos. 94-529 and 96-478. As such the Board is subject to the Louisiana Public Bid Law in contracting for public works and contracting for the procurement of materials and supplies. R.S. 38:2211-2296.
While the Board is subject to the Louisiana Public Bid Law when contracting for public works or the purchase of materials and supplies, our courts have held that contracts for services, professional or otherwise, are not subject to the requirements of that statute.Lafourche Parish Water District No. 1 v. Carl Heck Engineers, Inc.
(La.App. 1st Cir. 1977) 346 So.2d 769; BFI, Inc. v. City of Monroe
(La.App. 2d Cir. 1985) 465 So.2d 882. A contract for professional services such as those for an indigent defender attorney constitutes a service contract and therefore the Public Bid Law is not applicable.
Since the Public Bid Law is inapplicable to the contracts contemplated by the Board then the issue of notice is likewise inapplicable and has no bearing on whether the contemplated service contacts are legal or appropriate.
While we are not aware of any other statute which would prescribe a method for award of such contracts for services, regardless of contract price, it would be prudent that the Board establish procedures for award of contracts over $20,000. The same bid procedure used for public projects or purchases can be used. A request for proposals process would also be a valid means of selecting the attorney, giving weight to relevant factors in addition to price.
This office is therefore of the opinion that professional service contracts with an attorney or a law firm are contracts for services and are not subject to the Public Bid Law or any exemption thereof and would be valid if otherwise executed in accordance with state contract law.
As for your second question regarding the validity of an application fee charged by an attorney or firm under contract with the indigent defender board to assist and represent the indigent please note that LSA-R.S. 15:147A(1)(d) specifically provides that an accused person who "makes application to the judicial district indigent defender board certifying that he is financially unable to employ counsel and requesting representation by indigent defense counsel or conflict counsel, shall pay a nonrefundable application fee of forty dollars to the indigent defender board or its designee, which fee shall be in addition to all other fees or costs lawfully imposed." Based on this provision it is the opinion of our office that the attorney or firm under contract with the indigent defender board to assist or represent the indigent is authorized to charge a nonrefundable application fee of forty dollars if the attorney or firm is accepting the fee as the designee of the judicial district indigent defender board.
In addition, LSA-R.S.R.S. 15:148 provides statutory authority requiring the indigent to make a payment for the legal services provided to him once qualified for representation. Pursuant to this provision only the Court can order the indigent to make a payment for the legal and related services rendered on his behalf and then only to the extent the indigent is financially able to make such a payment. The statute further provides that any such court ordered payment must be transmitted to and become part of the indigent defender fund of the district in which the indigent is prosecuted.
We trust that this answers your inquiry.
Very Truly Yours,
 CHARLES C. FOTI, JR. Attorney General
 By: ______________________ RICHARD L. MCGIMSEY Assistant Attorney General
CCF/RLM/dam