Dear Mayor Goldsby:
On behalf of the Town of Amite you have requested the opinion of this office on the applicability of the Public Bid Law to the award of a cemetery maintenance contract in the annual amount of approximately $40,000.00. Several years ago the Town of Amite advertised and received sealed bids for cemetery maintenance including mowing and trimming grass, spreading dirt and litter removal. The contract was renewed the following year without going through a formal bid process due to the understanding that such a contract is considered services and therefore not subject to the public bid law.
Under the Public Bid Law, contracts for public works projects costing $100,000 or more must be advertised and let by contract to the lowest responsible and responsive bidder. Public works means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. LSA-R.S. 38:2212A(1)(a)(d) and 38:2211(11).
Contracts for the purchase of material and supplies exceeding $20,000 must be advertised and let by contract to the lowest responsible and responsive bidder. Contracts for purchases of materials and supplies costing $10,000 or more, but less than $20,000, must be made by obtaining no fewer than three telephone or fax quotations on the same specifications for the desired purchase. R.S. 38:2212.1A(1)(a) (b). There are no provisions which set forth procurement requirements for smaller purchases.
While the Board is subject to the Louisiana Public Bid Law, LSA-R.S. 38:2211-2296, when contracting for public works or the purchase of materials and supplies, our courts have held that contracts for services, professional or otherwise, are not subject to the requirements of that statute. Lafourche ParishWater District No. 1 v. Carl Heck Engineers, Inc. (La.App. 1st Cir. 1977) 346 So.2d 769; BFI, Inc. v. City of Monroe
(La.App. 2d Cir. 1985) 465 So.2d 882. Prior opinions of our office have stated that contracts for landscaping services, grounds maintenance services and routine eradication and removal of fallen trees and other debris constitute service contracts and not a public work. See Atty. Gen. Op. Nos. 88-392, 89-276 and 02-0418. Accordingly, a contract for cemetery maintenance as described herein would constitute a service contract and would not be subject to the requirements of the Public Bid Law.
While we are not aware of any other statute which would prescribe a method for award of such contracts for services, regardless of contract price, it is prudent that the Town establish procedures for award of contracts over $20,000. The same bid procedure used for public projects or purchases can be used. A request for proposals process would also be a valid means of selecting a contractor, giving weight to relevant factors in addition to price.
This office is therefore of the opinion that the cemetery maintenance contract is for services and is not subject to the Public Bid Law.
We trust that this answers your inquiry.
Very Truly Yours,
 CHARLES C. FOTI, JR. Attorney General
 BY: RICHARD L. McGIMSEY Assistant Attorney General Public Finance Contracts Section