Dear Mr. Jewell:
On behalf of the Point Coupee Parish Police Jury ("Police Jury") you have requested the opinion of this office on whether Board of Commissioners ("Board") for Waterworks District Number Two of the Parish of Pointe Coupee, Louisiana ("District"), violated any laws when it rejected all bids for a billing and collection services contract. According to your request the Point Coupee Parish Police Jury created Waterworks District Number Two of the Parish of Point Coupee and appoints all five members to the Board of Commissioners. The Board advertised for billing and collection services. Two bids were received but, after reviewing the bids, the Board rejected both and, without further bidding, voted to award the billing and collection contract to the higher of the two bidders whose bids were rejected. The Board's decision was based on the fact that the contract called for professional services and, as such, did not require compliance with the Louisiana Public Bid Law (R.S. 38:2211-2293).
Submitted with your opinion request were copies of the minutes taken at the Board meetings, portions of which relate to the review of bids, rejection of bids and final award of the contract. Also attached was a copy of an advertisement in the official journal of the parish, which was published on October 6, 2005, and which read as follows:
 ADVERTISMENT FOR BIDS
 The Board of Commissioners for the Water Works District No. 2 of Point Coupee Parish is seeking bids from interested parties for the billing of water customers and for the collection of water bills and depositing of bill collections, and perform book keeping services, prepare monthly financial, profit and loss statements. Individuals requesting bid packages should have a back ground in governmental finance. All interested parties may acquire bid packages from Mr. John Gosserand, Utility Department, Police Jury Office, Court House Annex, 160 Main Street, New Roads, Louisiana no earlier than October 7, 2005. Sealed Bids are to be delivered to Mr. *Page 2 
John Gosserand, 160 Main Street, New Roads, Louisiana on or before 4:30 P.M., October 19, 2005. Bids are to be opened on October 19, 2005, at 5:00 P.M. at the Police Jury meeting room.
While the Police Jury and District are subject to the Louisiana Public Bid Law, LSA-R.S. 38:2211-2296, when contracting for public works or the purchase of materials and supplies, our courts have held that contracts for services, professional or otherwise, are not subject to the requirements of that statute.Lafourche Parish Water District No. 1 v. Carl Heck Engineers,Inc. (La.App. 1st Cir. 1977) 346 So.2d 769; BFI, Inc. v.City of Monroe (La.App. 2d Cir. 1985) 465 So.2d 882. A contract for billing and collection services as described in your opinion request would constitute a similar procurement of services and would not be subject to the Public Bid Law.
Although the District is not mandated to comply with the Public Bid Law in securing a contract for billing and collection services, the District may, if it wishes, acquire such services by competitive public bidding.
If the District elects to procure the billing and collection contract by competitive public bidding, then the District is bound by its own resolution to comply with the requirements of the bid process including those related to advertisement, bid specifications, evaluation, dates, selection, awarding of such contracts, etc. See Ag. Op. No. 81-582. This would require the contract be awarded to the lowest responsible bidder who bids in accordance with the plans and specifications as advertised.
The information submitted with the opinion request, including the Board minutes, clearly indicates that the Board mandated that the contract to secure billing and collection services be procured by "public bid", thereby triggering compliance with the bid requirements set forth in the bid solicitation and advertisement including the award of the contract to the low responsive and responsible bidder. The advertisement itself reflects the intent of the Board to give the proposer or offerer the right to conclude that a contract will result from such a proposal or offer.
Having concluded that the Board must comply with the requirements set forth in the bid solicitation and advertisement, we next address the issue of whether or not the Board may reject all bids after bid opening and evaluation. Louisiana follows the general rule of vesting an awarding body, such as the Board, with discretion in interpreting the requirements of the specifications set forth in the bidding documents subject to judicial review. Absent an abuse of its discretion, the courts will not substitute their judgment for that of the governing authority. See HaughtonElevator Division v. State of Louisiana, et al, (La. 1979),367 So.2d 1161. Therefore, any administrative decision by the Board to reject bids must be exercised in a fair and legal manner and not arbitrarily. *Page 3 
It is therefore of the opinion of this office that the Board of Commissioners for Waterworks District Number Two of the Parish of Point Coupee, in mandating the use of a "public bid" in awarding a contract for billing and collection services, must award the contract to the lowest responsible bidder who bids in accordance with the contract, plans and specifications as advertised and as set forth in the bid solicitation. Any administrative decision to reject bids must be exercised in a fair and legal manner and not arbitrarily.
We trust that this answers your inquiry.
 Very Truly Yours,
 CHARLES C. FOTI, JR.
 Attorney General
 By: _______________________
 RICHARD L. McGIMSEY
 Assistant Attorney General
 Public Finance Contracts Section
 CCF, JR/RLM/jv
 *Page 4 
 ATTACHMENT OPINION NUMBER 81-582 54 — INSURANCE; 90 — POLICE JURIES 90-A-1 PUBLIC FUNDS; R.S. 38:2211 et seq. Placing of insurance by police jury by public bid not mandated by law. If mandated by resolution specifications must be specific enough for competitive bidding to occur.
 Honorable Samuel B. Nunez, Jr. State Senator Post Office Box 44183 Capitol Station Baton Rouge, Louisiana 70804
Dear Senator Nunez:
You verbally requested an opinion from our office concerning the validity of the process by which the police jury of St. Bernard Parish is seeking to institute a program of partial self-insurance with tiers or layers of excess or catastrophic insurance for general liability, auto fleet, physical property damage and bonds for public officials.
You have furnished us a copy of an advertisement in the official journal of the parish reading in full:
 ADVERTISEMENT FOR BIDS
 Sealed bids will be received by the St. Bernard Parish Police Jury, at the office of the Parish Engineer Thomas P. Reed, Police Jury Complex, 8201 W. Judge Perez Drive, Chalmette, Louisiana, until 3:00 p.m. Daylight Saving Time on Tuesday, May 26, 1981.
 "BID FOR SELF-INSURANCE PROGRAM FOR ALL PHASES OF INSURANCE OTHER THAN WORKMEN'S COMPENSATION." *Page 5 
 Bids are to be addressed to the St. Bernard Parish Police Jury, Mr. Thomas P. Reed, Parish Engineer, Police Jury Complex, Room 212, 8201 W. Judge Perez Drive, Chalmette, Louisiana, 70043.
 Bids for the above should be in a sealed envelope which is clearly marked "BIDS FOR SELF-INSURANCE PROGRAM FOR ALL PHASES OF INSURANCE, OTHER THAN WORKMEN'S COMPENSATION," to be opened at 7:00 p.m. on Tuesday, May 26, 1981.
 Any bidder may secure plans and specifications from the office of the Parish Engineer, Room 212, Police Jury Complex, between the hours of 8:30 a.m. and 4:30 p.m. Monday thru Friday.
 Bids will be opened and read aloud in the Police Jury Chambers. Any bid received after closing time will be returned unopened.
 The St. Bernard Parish Police Jury reserves the right to reject any and all bids and waive informalities.
 /s/ John A. Metzler, Jr. Purchasing Agent
May 1, 8, 15, 22, 1981
The "plans and specifications" referred to in the advertisement, according to the one page undated letter by David S. Gorbatt, Chairman, Insurance Committee, addressed to "applicant", read in pertinent part:
 "It is our intention to seek out the most advantageous and cost effective insurance program to meet the needs of the St. Bernard Parish Police Jury. In that light, we have consciously omitted any specific guidelines or specifications *Page 6 
in regard to the program's components. The program in general should be a modified insurance program with total loss funds and tiers of excess coverage. Therefore, it is incumbent upon each applicant to prepare their own individual program."
Under the applicable law, a police jury is not mandated to comply with the public bid law (R.S. 38:2211 et seq.) in securing contracts of insurance and may, if it wishes, place such insurance without either competitive bidding or competitive negotiations. A police jury may utilize the public bid laws for procuring items not required to be secured by public bid.
This office has been informed that the St. Bernard Parish Police Jury adopted a resolution requiring its purchasing agent to "bid insurance policies." Since the police jury has decided to procure the contract or contracts of insurance by "public bid" then they are bound, by its own resolution, to comply with the requirements of law as to advertisement, bid specifications, evaluation, dates, selection and awarding of such contracts, etc. However, it must be noted that a governing authority has the absolute discretion to reject all bids under the public bid laws.
Since the insurance committee for St. Bernard Parish has been mandated by resolution to procure contracts of insurance by "public bid", the advertisement and plans and specifications do not comply with the public bid laws (R.S. 38:2211 et seq.), because there are no specific guidelines or specifications in regard to the program's components.
 Very truly yours,
 WILLIAM J. GUSTE, JR.
 Attorney General
 BY: _____________________
 KENNETH C. DEJEAN
 Assistant Attorney General