Dear Ms. West:
On behalf of the St. Landry Parish Government (Parish Government) you have requested the opinion of this office on whether or not services for a bonding attorney must be bid out pursuant to the Louisiana Public Bid Law or, if not, who would appoint the bonding attorney to represent the parish government. You also ask our opinion as to who would draft the Resolution calling for a parish wide tax proposition. According to your request, in 2004, St. Landry Parish changed from a Police Jury form of government to a Home Rule Charter form of government.
While the Parish Government is subject to the Louisiana Public Bid Law, LSA-R.S. 38:2211-2296, when contracting for public works or the purchase of materials and supplies, our courts have held that contracts for services, professional or otherwise, are not subject to the requirements of that statute. Lafourche Parish Water District No. 1v. Carl Heck Engineers, Inc. (La.App. 1st Cir. 1977)346 So.2d 769; BFI, Inc. v. City of Monroe (La.App. 2d Cir. 1985)465 So.2d 882. Prior opinions of our office have stated that contracts for engineering services, landscaping services, management, professional and consulting services constitute service contracts and not a public work. See Atty. Gen. Op. Nos. 87-31, 88-40, 88-392, 90-48, 90-37, 90-341, 92-708, 96-60 and 99-380. Accordingly, a contract for legal services, including that of bond counsel, as described herein would constitute a service contract and would not be subject to the requirements of the Public Bid Law.
While we are not aware of any other statute which would prescribe a method for award of such contracts for services, regardless of contract price, it is prudent that the Parish establish procedures for award of contracts over $20,000. The same bid procedure used for public projects or purchases can be used. A request for proposals process would also be a valid means of selecting a contractor, giving weight to relevant factors in addition to price.
The St. Landry Home Rule Charter, Section 4-04(C), provides that the parish government "may retain special legal counsel pursuant to a written contract which outlines the specific purpose and nature of the legal services to be performed and the compensation, if any, to be paid for the services." A bond attorney would constitute special council and therefore, the parish government would be the appropriate party to appoint and retain such legal services pursuant to a written contract that outlines the specific purpose and nature of the legal services to be rendered.
As to who is the appropriate and authorized party to draft the Resolution calling for a parish wide tax proposition, it is the opinion of this office that it is not relevant as to who drafts the resolution. However, pursuant Section 2-10(C) of the Home Rule Charter, a resolution may be adopted by the Parish Government and "used for the purpose of expressing the council's opinion as to some given matter or thing."
This office is therefore of the opinion that a contract for legal services, including that of bond counsel, is for services and is not subject to the Public Bid Law and that the Parish Government is the appropriate and legally authorized party to retain bond counsel. It is the further opinion of this office that the Parish Government is authorized and may prepare the Resolution that would call for a parish wide tax proposition.
We trust that this answers your inquiry.
 Very Truly Yours,
 CHARLES C. FOTI, JR. Attorney General
 By: ___________________________ RICHARD L. MCGIMSEY Assistant Attorney General Public Finance Contracts Section
 CCF/RLM/dam