832 So.2d 324 (2002)
TIGER AIR & HEAT, LLC and Berg, Inc.
v.
JEFFERSON PARISH SCHOOL BOARD and Star Services of New Orleans, Inc.
No. 02-CA-610.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 2002.
*325 D. Michael Dendy, New Orleans, LA, and John M. Frazier, Roos & Frazier, LLC, Shreveport, LA, for Tiger Heat & Air, LLC and Berg, Inc., Plaintiffs-Appellants.
Jack A. Grant, Grant & Barrow, Gretna, LA, for Jefferson Parish School Board, Defendant-Appellee.
Van R. Mayhall, Jr., Peter J. Butler, Jr., John M. Madison, III, Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, LA, for Star Service of New Orleans, Inc., Defendant-Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
Plaintiffs, Tiger Heat & Air, LLC ("Tiger") and Berg, Inc.("Berg"), appeal the summary judgment dismissing their claims against the Jefferson Parish School Board("JPSB") and Star Services of New Orleans, Inc.("Star"). For the following reasons, we affirm.
On October 2, 1999, Berg was awarded by public bid a "chiller repair service" contract granting it the right to perform maintenance, at specified rates, on air conditioner chillers owned by JPSB. On July 21, 2000, JPSB voted to enter into a five-year agreement with Star for operation, maintenance, service and repair of the heating, ventilation, and air conditioning systems("HVAC") in ten specific Jefferson Parish Schools. The terms of Start's contract specify that Star is paid a monthly set rate for its services. On December 7, 2000, Tiger, like Berg, was awarded by public bid a "chiller repair service" contract granting it the right to perform maintenance, at specified rates, on air conditioner chillers owned by JPSB.
On July 2, 2001, Tiger and Berg filed suit seeking dissolution of the contract between JPSB and Star on the grounds that the contract was confected in violation of Louisiana's public bid laws, La. R.S. 38:2212 et seq. Specifically, Tiger and Berg contended that Star's contract was a "public works" contract because the agreement provides that Star will furnish equipment and materials necessary to maintain and repair 10 school's HVAC systems in excess of the statutory limit set forth in La. R.S. 38:2212.1.
On January 4, 2002, JPSB and Star filed their motion for summary judgment contending that the plaintiffs' allegations that the defendants' contract was confected in violation of the public bid laws was erroneous since their contract was a service agreement that is "clearly exempt" from the bidding requirements of the public bid law. In support of their motion, defendants' offered a statement of uncontested facts, supporting memorandum, a copy of the contract between JPSB and Star, the affidavit of Star's President, and a copy of Louisiana Attorney General Opinion 99-280. Tiger and Berg, in opposition to defendants' motion for summary judgment, offered supporting memorandum, affidavits of Tiger's owner, statement of disputed facts, a copy of Star's contract with JPSB, and copies of Louisiana Attorney General Opinion 78-1326 and 95-195. After a hearing on March 26, 2002, the trial *326 judge, without written reasons, granted defendants' summary judgment and dismissed plaintiffs' suit.
On appeal, Tiger and Berg argue that the trial court erred in finding that the contract at issue was a service contract and, thus, not subject to the bidding requirements of Louisiana's public bid laws. While they concede that the portion of the contract for service of the HVAC systems may be exempt from the public bid laws, they argue that the portion of the contract that requires Star to provide replacement parts and materials of the same or equal quality as the parts replaced specifically violates La. R.S. 38:2212.1(A)(1)(a), which mandates competitive bidding for contracts for the purchase of equipment or materials for public entities. JPSB and Star respond that the trial court properly determined that their contract was for HVAC service. While JPSB admits that the contract does contemplate the purchase of materials necessary to repair the HVAC systems, JPSB reiterates that it will not purchase those materials. In essence, JPSB has an HVAC service contract with Star in which Star supplies the labor and materials necessary to maintain ten school's HVAC systems. Further, JPSB and Star, as persuasive support, point to La. Atty. Gen. Op. No. 99-280, which indicates that a contract similar to the contract at issue was a contract for service exempt from public bid requirements.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied. Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865, writ denied, 00-3247 (La.1/26/01), 782 So.2d 636. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. La. C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
The mover bears the burden of proof; however, the mover need only to "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim...." La. C.C.P. article 966(C)(2). Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Perricone, supra. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp. Inc., supra.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Carr, supra.
In American Waste and Pollution Control Co. v. Madison Parish Police Jury, the Village of Tallulah, and Waste Control, Inc. 488 So.2d 940 (La.1986), the Louisiana Supreme Court delineated the policy surrounding our public bid statutes: La. R.S. 38:2212, insofar as it requires advertising and obtaining competitive bids, is a prohibitory law enacted in the public's interest to help insure that tax dollars for public works are spent wisely. Competitive bidding following *327 public advertisement is the vehicle by which government entities seek to get the lowest possible price from a responsible bidder on a public works project. Preventing exorbitant and extortionate prices as well as favoritism is the primary goal of the public bid law. Haughton Elevator Division v. State, Etc., 367 So.2d 1161 (La.1979); Wallace Stevens, Inc. v. Lafourche Parish Hospital District No. 3, 323 So.2d 794 (La. 1975); State, Through Office of Governor v. L.W. Eaton, 392 So.2d 477 (La. App. 1st Cir.1980).
Id. at 944.
In Wallace Stevens, Inc. v. Lafourche Parish Hospital Dist. No. 3, 323 So.2d at 796, the supreme court held that the public bid law was intended to apply to "public works," that is, "contracts for building, physical improvements and other fixed construction," and not to public service contracts. Wallace arose from a contract for telecommunication services.
Relying on Wallace and its progeny with respect to the facts of this case, we agree with the trial court that the contract in question is a service contract and not a contract for a public work. We find, therefore, that the public bid statutes are not applicable to this contract. Id.; Browning-Ferris, Inc. v. City of Monroe, 465 So.2d 882 (La.App. 2d Cir.), writ denied, 467 So.2d 538 (La. 1985). We find that the trial court properly determined that the contract did not have to be awarded through competitive bid and, as such, properly granted summary judgment. For the foregoing reasons, the judgment of the trial court is affirmed. All costs in this court are assessed to appellants.
AFFIRMED.