Dear Sheriff Hilton:
You have requested the opinion of this office on the applicability of the Public Bid Law to the procurement of professional services by Louisiana Sheriffs. Specifically, you ask whether or not bids must be obtained in connection with the procurement of computer software development if the contract is less than $50,000.00.
Under the Public Bid Law, contracts for the purchase of material and supplies exceeding $20,000 must be advertised and let by contract to the lowest responsible and responsive bidder. Contracts for purchases of materials and supplies costing $10,000 or more, but less than $20,000, must be made by obtaining no fewer than three telephone or fax quotations on the same specifications for the desired purchase. R.S. 38:2212.1A(1)(a) (b). There are no provisions which set forth procurement requirements for smaller purchases.
While the Rapides Sheriff Office is subject to the Louisiana Public Bid Law when contracting for public works or the purchase of materials and supplies, our courts have held that contracts for services, professional or otherwise, are not subject to the requirements of that statute. Lafourche Parish Water DistrictNo. 1 v. Carl Heck Engineers, Inc. (La.App. 1st Cir. 1977)346 So.2d 769; BFI, Inc. v. City of Monroe (La.App. 2d Cir. 1985)465 So.2d 882.
Thus it must be determined whether the proposed procurement is for services or for material and supplies. For example, a purchase of an existing, commercially available software package (with an accompanying license for its use), the development of a computer software program or the modification, enhancement, or customization of existing computer software would be a purchase of materials and supplies and therefore subject to the public bid law. See Shaw Group v. Kennedy, 858 So.2d, 2002-0655 (La.App. 1 cir. 7/2/03) wherein the court stated that since the 1998 amendment to LSA-R.S. 47:301(16) both computer software and the modification, enhancement and/or updating of computer software are classified as tangible personal property for taxation purposes. As tangible property it is reasonable to conclude that computer software programs and any upgrades, enhancements, customization or modification thereto are purchases which constitute a material and supply for bid purposes.
However, a contract to install, provide connectivity to or for, support or maintain software would be a contract for services, not subject to the public bid requirements. See La. Atty. Gen. Op. No. 00-246 (School Board may contract for service of installing parts purchased by public bid without seeking bids for such installation service); Tiger Air Heat, LLC v. Jefferson ParishSchool Board, 02-610 (La.App. 5 Cir. 10/16/02), 832 So.2d 324,writ denied, 2002-2762 (La. 3/14/03), 839 So.2d. 35 (contract for operation, maintenance, service, and repair of heating, ventilation, and air conditioning systems was a service contract not subject to public bid requirements).
While we are not aware of any other statute which would prescribe a method for award of such contracts for services, regardless of contract price, it is prudent that the purchasing authority establish a procedure for the award of such contracts over $20,000. A request for proposals process would be a legally acceptable procurement method of selecting a contractor who is providing services. See Atty. Gen. Op. No. 02-0152 (A "request for proposals" is a valid method to evaluate potential maintenance service contractors, giving weight to factors in addition to cost).
Please note that the Public Bid Law offers an alternative to the above bid process for the procurement of data processing by political subdivisions. The Political Subdivisions Telecommunications and Data Processing Procurement Law (La.R.S.38:2234 et seq.) authorizes the use of Requests for Proposals in the procurement of "data processing equipment, related services, or software . . .". See Atty. Gen Op. No. 95-269 (School Board may purchase computer software by means of a Request for Proposals in compliance with the requirements of R.S. 38:2237)
The application and advantages of using a request for proposals (RFP) in the procurement of telecommunications and data processing equipment and related services was addressed by the court inExecutone of Central Louisiana, Inc. v. Hospital Service DistrictNo. 1 Of Tangipahoa Parish, 1999-2819 (La.App 1 Cir. 5/11/01),798 So.2d 987). In this case the Hospital Service District requested proposals pursuant to the Political Subdivisions Telecommunications and Data Processing Procurement Act for a nurse call/information system. The defendant alleged that the Hospital violated the provisions of the bid law in part by not indicating in the RFP the relative importance of price and other evaluation factors. The First Circuit affirmed the trial courts finding that the Hospital did not violate the provisions of the public bid law and in doing so provided the following comments on the application of the Act:
 Interpretations of the provisions of the Political Subdivisions Telecommunications and Data Processing Procurement Act (Act), La.R.S. 38:2234 et seq., necessary to the resolution of this case, are issues of first impression. The Act has specific provisions that trump the general or similar provisions from our more familiar public bid law. Under the Act, the governing authority is vested with sufficient discretion to maneuver the increasingly complex byways of multi-optioned, invasive, and expensive technology.
 After a RFP is issued pursuant to the Act and proposals are received, the governing authority decides who is a "responsible offerer." The governing authority then makes its assessments of the proposals. To determine which proposal best fits its particular needs, the governing authority decides which proposal is not only advantageous to the governing authority, but which proposal is the "most advantageous." La.R.S. 38:2237A(8).
 The selection decision could vary. The range is expansive: from some, few, or no "most advantageous" proposals for the specific needs of the governing authority. This range provides the governing authority with the ability to decline the selection of a system, even though that system might be suitable. Rejection of one or all of the proposals may be founded on a finding that the system proposed simply does not meet as many of the present needs, or perhaps more importantly, the future needs of the authority. Thus, the traditional concept under the bid process, that the "lowest responsible bidder, " or "last man standing," receives the contract is not embraced or incorporated by the Act. See Haughton Elevator Division v. State, Division of Administration, 367 So.2d 1161, 1165 (La. 1979). The question as to which proposal is the "most advantageous" does not depend of the number of remaining offerers from the proposed process, but rather on the reasonable perceptions of the governing authority. In deciding these cases, such realities must wield their influence.
The Act also provides a broad scope of coverage for the use of a RFP. R.S. 38:2236B provides the following definitions:
 (2) "Procurement" means and includes the selling, buying, purchasing, renting, leasing, or otherwise obtaining data processing equipment, related services, or software, as well as all activities engaged in, resulting in, or expected to result in the selling, buying, purchasing, renting, leasing, or otherwise obtaining of data processing equipment, related services, or software by political subdivisions.
 (3) "Related Services" means and is limited to service activities affecting the maintenance of data processing equipment or software.
 (4) "Software" means computer programs and documentation essential to and necessary for a computer to perform productive operations.
The use of an RFP must conform to the requirements in R.S.38:2237A, which includes:
 "(6) Public notice of the request for proposals shall be given at least thirty days prior to the date scheduled for opening the request for proposals. In addition, written notice of the request for proposals shall be mailed to persons, firms, or corporations who are known to be in a position to furnish such equipment, systems, and related services."
The "public notice" required by this section in R.S.38:2212A(3)(b), implies advertising as required elsewhere in the Public Bid Law:
 "The advertisement required by this Section for any contract for materials or supplies shall be published two times in a newspaper in the locality . . "; and
In R.S. 38:2237(6) the first advertisement must appear:
 ". . . at least thirty days prior to the date scheduled for opening the request for proposals."
The use of a request for proposals for the procurement of computer software and related services also has the advantage of allowing the public entity to incorporate into the request for proposals any service component of the project and would avoid any possible conflict with R.S. 38:2212H which prohibits the division or separation of public contracts which would have the effect of avoiding the public bid law.
This office is therefore of the opinion that contracts to procure, modify, enhance or customize computer software or a software program is a purchase of material and supplies subject to the Public Bid Law (or the alternative provisions of the Political Subdivisions Telecommunications and Data Processing Procurement Law). A contract for services to install, provide connectivity to or for, support or maintain software is a contract for services not subject to the public bid law requirements but which may be procured by means of a Request for Proposals.
We trust that this answers your inquiry. Please advise if we may be of further assistance to you in this matter.
 Yours very truly, CHARLES C. FOTI, JR. Attorney General
BY: ________________________________ RICHARD L. MCGIMSEY Assistant Attorney General
CCF, Jr/RLM/dam