RAMELLI JANITORIAL SERVICE, INC.

VERSUS

H&O INVESTMENTS, LLC, AND PARISH OF JEFFERSON, DEPARTMENT OF DRAINAGE

NO. 22-C-266

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 821-507, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

September 21, 2022

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT GRANTED**
> **FHW**
> **SMC**
> **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
RAMELLI JANITORIAL SERVICE, INC.
   Patrick S. McGoey
   Michael A. Thomas
   Andrea V. Timpa

COUNSEL FOR DEFENDANT/RESPONDENT,
H&O INVESTMENTS, LLC
   Roy H. Maughan, Jr.
   Joshua D. Roy
   Namisha D. Patel

COUNSEL FOR DEFENDANT/RELATOR,
PARISH OF JEFFERSON
   W. Reed Smith
   Colin C. Cisco

**WICKER, J.,**

In this writ application, relator, Jefferson Parish, seeks review of the trial court's denial of its exceptions (insufficient citation and service, lack of procedural capacity, prescription, no cause of action, and no right of action). After a *de novo* review of the exception of no cause of action, we find there is no remedy under the Louisiana Public Bid Law (La. R.S. 38:2211, et seq.) for respondent, Ramelli Janitorial Service, Inc.'s claim which seeks a judicial declaration that the contract between H&O Investments, LLC ("H&O") and the Parish violates the public bid law. Therefore, we grant the writ and relator's exception of no cause of action as to Count 1 of the petition.

The Jefferson Parish Drainage Department ("Parish") solicited for public bids for a three-year "maintenance assistance contract" for "grass cutting of rough cut areas (sloped and flat)." The Parish Council approved the contract to H&O on April 28, 2021. Ramelli Janitorial Service, Inc., respondent, who previously held the contract, submitted an unsuccessful bid, and began to inquire with the Parish as to whether H&O had obtained the necessary equipment to perform the contract.[1] H&O commenced their work on the contract on May 27, 2021. Respondent filed an action on October 6, 2021, seeking to nullify the contract as a violation of the public bid laws in a suit for declaratory judgment, as well as for damages against H&O for unfair trade practices and against the Parish for detrimental reliance.

The Parish filed declinatory exceptions of insufficient citation and service of process, dilatory exceptions of lack of procedural capacity, and peremptory exceptions of prescription, no cause of action, and no right of action, relating to what it perceived was respondent's untimely request for injunctive relief on count one. After a hearing, the trial court denied the exceptions without reasons on April 13, 2022. The Parish filed a writ application, alleging the trial court erred in finding that the Department of Drainage is a legal entity capable of being served/sued,[2] in ruling that respondent's claims are not prescribed, and in finding that respondent had a cause of action pursuant to La. R.S. 38:2220.[3]

In reviewing an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is necessarily based solely on the sufficiency of the petition. *Kitziger v. Mire*, 19-87 (La. App. 5 Cir. 9/24/19), 280 So.3d 302, 306, *writ denied*, 19-1858 (La. 1/28/20), 291 So.3d 1055. The test of the legal sufficiency of a petition is done by determining whether the law affords a remedy on the facts alleged in the pleading. *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C.*, 10-2264 (La. 5/10/11), 63 So.3d 940, 945.

The first count of respondent's petition seeks to nullify the contract between relator and H&O under La. R.S. 38:2220(B). However, this Court has previously found that the Louisiana Public Bid Law is not applicable to service contracts

---

[1] Respondent inquired as to H&O's compliance by a letter to the Parish attorney on May 24, 2021, wrote a letter to Councilman Scott Walker, and submitted a public records request.

[2] As we find merit in the second assignment of error, it is not necessary for this Court to address relator's exceptions relating to the sufficiency of citation and service on the Department of Drainage. However, respondent's petition lists the defendant as Jefferson Parish, Department of Drainage, clearly suing the correct entity of the Parish, and clarifying which particular department.

[3] Relator's exceptions of no cause of action did not refer to count 3, relating to detrimental reliance. Additionally, its writ application did not seek review of the court's determination regarding count 3. Therefore, our review is limited to the exception of no cause of action pursuant to La. R.S. 38:2220 regarding count 1 of respondent's petition.

which are not contracts for a public work. *Tiger Air & Heat, LLC v. Jefferson Par. Sch. Bd.*, 02-610 (La. App. 5 Cir. 10/16/02), 832 So.2d 324, 327, *writ denied*, 02-2762 (La. 3/14/03), 839 So.2d 35. As relator did not raise this issue in its writ application or in its exception for failure to state a cause of action, in the interest of fairness, this Court requested further briefing on the issue.

La. R.S. 33:2220 allows nullification of contracts for the "purchase of materials or supplies, or any contract entered into for the construction of public works."[4] In *Wallace Stevens, Inc. v. Lafourche Parish Hospital Dist. No. 3*, 323 So.2d 794, 796 (La. 1975), the Supreme Court held that the public bid law was intended to apply to "public works," that is, "contracts for building, physical improvements and other fixed construction," and not to public service contracts.[5] A petition in a service contract will be found to have failed to state a cause of action for recovery, as they are not considered to be "public works" and are not subject to the public bid laws." *B&C Electric, Inc. v. E. Baton Rouge Par. Sch. Bd.*, 02-1578 (La. App. 1 Cir. 5/9/03) 849 So.2d 616, 620-21.

The Parish responded that it had chosen to use the competitive bid process from the Louisiana Public Bid Law in this service contract. The Parish's Code of Ordinances Section 2-895 states that the "request for proposal (RFP) process shall be used to obtain nonprofessional service(s). . .when the competitive sealed bid

---

[4] These terms are defined under the Louisiana Public Law sections:

La. Rev. Stat. Ann. § 38:2211 (13) "Public work" means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity.

La. Rev. Stat. Ann. § 38:2212
(A) (1)(a) All public work exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible and responsive bidder who bid according to the bidding documents as advertised, and no such public work shall be done except as provided in this Part.
(U) Public entities may enter into maintenance contracts for the repair and maintenance of public facilities owned, controlled, or operated by a public entity for a fixed annual fee. Such contracts shall extend for a duration of not less than two years. Any such contract entered into by a public entity shall include a nonappropriation clause and shall not be considered a debt of the public entity. Such maintenance contract shall not be considered a public works contract.
(W) (1) This Section shall not apply to labor necessary for the maintenance of public works built and completed.

La. Rev. Stat. Ann. § 38:2212.1(A) (1)(a) All purchases of any materials or supplies exceeding the sum of thirty thousand dollars to be paid out of public funds shall be advertised and let by contract to the lowest responsible bidder who has bid according to the specifications as advertised, and no such purchase shall be made except as provided in this Part.

[5] The Third Circuit later clarified that the *Stevens* court was dealing with a jurisprudential definition of public works, which was later defined by statute. *Waste Mgmt. of Cent. Louisiana v. Beall*, 03-1710 (La. App. 3 Cir. 8/4/04), 880 So.2d 923, 930–31, *writ denied*, 04-2642 (La. 1/14/05), 889 So.2d 269. Using that definition, the Second Circuit in *Browning–Ferris, Inc. v. City of Monroe*, 465 So.2d 882 (La. App. 2 Cir.), *writ denied*, 467 So.2d 538 (La. 1985), held that an operating contract for a landfill between the City of Monroe and a waste company was a contract for services and not for a public work, and that the public bid law was not applicable. The Third Circuit found that similar to the *Browning-Ferris* case, the operating contract provided that Waste Management would perform the maintenance and operational services at the landfill, furnish personnel and equipment necessary for the performance of these services, and receive from the City of Alexandria all waste collected by the City for a flat monthly fee, and it was not a public work:

> As it applies to the particular facts of this case, the operating contract herein was not a "public work" when tested under the 1991 statutory definition of that phrase any more so than it was under the jurisprudential definition. The landfill was a public facility on immovable property leased by the City, but the work could hardly be construed as "the erection, construction, alteration, improvement, or repair" of that facility. The words of a law must be given their generally prevailing meaning. La. Civ. Code art. 11. A public dump is an "erection" only in the sense that it will get greater in size as waste is added to it. A mound of garbage and trash is not a "construction" except in the same sense of an increase in size. In this sense, garbage added to garbage is somewhat like zero added to zero. The mass of garbage steadily increasing is perhaps an "alteration" in appearance, but not in any other way, and surely it is not an "improvement." The generally prevailing meaning of the word "repair" does not include the maintenance, operation, or closure of a landfill.

process is not practical, not required by state law, nor advantageous to Jefferson Parish."[6] The Parish states that it found it advantageous to use the bid process in awarding a multimillion dollar contract, but it was not required to use it by state law. The Parish cited to Attorney General's opinions regarding a public entity's compliance with "self-imposed competitive public bidding requirements set forth in the bid documents." La. Atty. Gen. Op. No. 08-0197 (Dec. 12, 2008) (Caldwell). Attorney General Ieyoub opined that "the absence of a statutory or contractual requirement does not preclude the use of a public bid process. . .which procedure would appear to be a good management policy." La. Atty. Gen. Op. No. 96-434 (Nov. 14, 1996). While a public entity may elect to use the sealed bid process and must comply with the requirements in its bid documents, it does not necessarily follow that its service contracts will be subject to Louisiana public bid laws or provide remedies for contracts which are contrary to public bid laws. The bid document in this case provides only for a remedy of protest for vendors who submitted bids in response to the solicitation. In accordance with Code of Ordinances Section 2-913, a written protest must be received by the Director of the Purchasing Department within 48 hours of the release of the bid tabulation, which will result in a written response by the Parish Attorney's office. Therefore, we find a distinction between electing to use the public bid law's processes and requirements in practice, and granting a cause of action based on a law found to be inapplicable to service contracts to potential bidders beyond what is provided in the bid documents.

Under similar facts, the Fourth Circuit affirmed the trial court's finding that the public bid law did not apply in a debris removal contract when the City of New Orleans' Home Rule Charter required the usage of a competitive selection process. *A.M.E. Disaster Recovery Servs., Inc. v. City of New Orleans*, 10-1755 (La. App. 4 Cir. 8/24/11), 72 So.3d 454, 457–58, *writ denied*, 11-2088 (La. 11/23/11), 76 So.3d 1154. The trial court stated that the contract for grass cutting and debris removal services was a "service contract," thereby making the Louisiana Public Bid Law inapplicable. The Fourth Circuit stated that "we do not find that this type of debris removal contract falls under the purview of the [Louisiana Public Bid Law], as we do not find that it regards the erection, construction, alteration, improvement, operation, or repair of public property or immovable property." *Id.* at 458. In the same manner, the present landscaping contract does not fall under the provisions of the Louisiana Public Bid Law's definition for public works, and bidders do not have a remedy for injunction or nullification under La. R.S. 38:2211, et seq.

Therefore, as respondent's first claim seeks a remedy under the La. Public Bid Law which is not applicable to service contracts, it fails to state a cause of action. Thus, we find that the trial court erred in denying relator's exception of no cause of action as to the first count of respondent's petition. We grant this writ and relator's exception of no cause of action as to respondent's cause of action under the public bid law, and remand this case to the trial court for further proceedings.

**WRIT GRANTED**

---

[6] Under the request for proposal (RFP) process each proposal is evaluated by a committee "based upon the approved evaluation criteria defined by the advertised RFP, with selection by the council of the proposal with the highest cumulative score. Jefferson Parish Code of Ordinances Sec. 2-895 (7) & (8).

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 21, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_Curtis B. Pursell_
**CURTIS B. PURSELL**
CLERK OF COURT

# 22-C-266

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
MCCLAIN R. SCHONEKAS (RESPONDENT)      MICHAEL A. THOMAS (RESPONDENT)      PATRICK S. MCGOEY (RESPONDENT)
JOSHUA D. ROY (RESPONDENT)             W. REED SMITH (RELATOR)

**MAILED**
NAMISHA D. PATEL (RESPONDENT)       ANDREA V. TIMPA (RESPONDENT)       COLIN C. CISCO (RELATOR)
ROY H. MAUGHAN, JR. (RESPONDENT)    ATTORNEY AT LAW                    ASSISTANT PARISH ATTORNEY
ATTORNEYS AT LAW                    909 POYDRAS STREET                 PARISH OF JEFFERSON
634 CONNELL'S PARK LANE             SUITE 1600                         1221 ELMWOOD PARK BOULEVARD
BATON ROUGE, LA 70806               NEW ORLEANS, LA 70112              SUITE 701
                                                                       JEFFERSON, LA 70123