RAMELLI JANITORIAL SERVICE, INC.

VERSUS

H&O INVESTMENTS, LLC AND PARISH OF
JEFFERSON, DEPARTMENT OF DRAINAGE

NO. 22-C-265

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 821-507, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

September 21, 2022

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

<u>**WRIT GRANTED**</u>

 **FHW**
 **SMC**
 **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Alexis Barteet*
Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
RAMELLI JANITORIAL SERVICE, INC.
 Michael A. Thomas
 Patrick S. McGoey
 Andrea V. Timpa

COUNSEL FOR DEFENDANT/RELATOR,
H & O INVESTMENTS, LLC
 Roy H. Maughan, Jr.
 Namisha D. Patel
 Joshua D. Roy

COUNSEL FOR DEFENDANT/RESPONDENT,
PARISH OF JEFFERSON, DEPARTMENT OF DRAINAGE
 W. Reed Smith
 Colin C. Cisco

**WICKER, J.,**

In this writ application, relator, H&O Investments, LLC ("H&O"), seeks review of the trial court's denial of its exceptions of prescription, and no cause of action, and no right of action. After a *de novo* review of the exception of no cause of action, we find there is no remedy under the Louisiana public bid law for the claim of respondent, Ramelli Janitorial Service, Inc., which seeks a judicial declaration that H&O's contract with the Parish of Jefferson, Department of Drainage ("the Parish"), violates the public bid law. Therefore, we grant the writ and relator's exception of no cause of action relating to respondent's first claim.

The Parish solicited for public bids for a three-year "maintenance assistance contract" for "grass cutting of rough cut areas (sloped and flat)." The Parish Council approved the contract to H&O on April 28, 2021. Ramelli Janitorial Service, Inc., respondent, who previously held the contract, submitted an unsuccessful bid, and began to inquire with the Parish as to whether H&O had obtained the necessary equipment to perform the contract.[1] H&O commenced their work on the contract on May 27, 2021. Respondent filed an action on October 6, 2021, seeking to nullify the contract as a violation of the public bid laws in a suit for declaratory judgment, as well as for damages against H&O for unfair trade practices and against the Parish for detrimental reliance.

H&O filed peremptory exceptions of prescription, no cause of action, and no right of action, relating to what it perceived was respondent's untimely request for injunctive relief on count one. After a hearing, the trial court denied the exceptions without reasons on April 13, 2022. H&O filed a writ application, alleging the trial court erred in ruling that respondent's claims are not prescribed and that respondent had a right/cause of action pursuant to La. R.S. 38:2220.[2]

In reviewing an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law, and the lower court's decision is necessarily based solely on the sufficiency of the petition. *Kitziger v. Mire*, 19-87 (La. App. 5 Cir. 9/24/19), 280 So.3d 302, 306, *writ denied*, 19-1858 (La. 1/28/20), 291 So.3d 1055. The test of the legal sufficiency of a petition is done by determining whether the law affords a remedy on the facts alleged in the pleading. *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C.*, 10-2264 (La. 5/10/11), 63 So.3d 940, 945.

The first count of respondent's petition seeks to nullify the contract between relator and Jefferson Parish under La. R.S. 38:2220(B). However, La. R.S. 33:2220 does not provide a remedy based on the facts alleged in the pleading; rather, it allows nullification for "purchase of materials or supplies, or any contract entered into for the construction of public works."[3] This Court has previously

---

[1] Respondent inquired with Parish, wrote a letter to Councilman Scott Walker, and submitted a public records request.

[2] Relator's exceptions of no cause of action did not refer to count 2 of respondent's petition, relating to unfair trade practices under La. R.S. 51:1405. Additionally, its writ application did not seek review of the court's determination regarding count 2. Therefore, our review is limited to the exception of no cause of action pursuant to La. R.S. 38:2220 regarding count 1 of respondent's petition.

[3] These terms are defined under the Louisiana Public Law sections:

La. Rev. Stat. Ann. § 38:2211 (13) "Public work" means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity.

La. Rev. Stat. Ann. § 38:2212
(A) (1)(a) All public work exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible and responsive bidder

found that the public bid statutes are not applicable to service contracts which are not contracts for a public work. *Tiger Air & Heat, LLC v. Jefferson Par. Sch. Bd.*, 02-610 (La. App. 5 Cir. 10/16/02), 832 So.2d 324, 327, *writ denied*, 02-2762 (La. 3/14/03), 839 So.2d 35. As relator did not raise this issue in its writ application or in its exception for failure to state a cause of action, in the interest of fairness, this Court requested further briefing on the issue.[4] In its supplemental briefing, relator argues that the La. Public Bid Law does not apply to respondent's case to provide a cause of action.

In *Wallace Stevens, Inc. v. Lafourche Parish Hospital Dist. No. 3*, 323 So.2d 794, 796 (La. 1975), the Supreme Court held that the public bid law was intended to apply to "public works," that is, "contracts for building, physical improvements and other fixed construction," and not to public service contracts.[5] A petition in a service contract will be found to have failed to state a cause of action for recovery, as they are not considered to be "public works" and are not subject to the public bid laws." *B&C Electric, Inc. v. E Baton Rouge Par. Sch. Bd.*, 02-1578 (La. App. 1 Cir. 5/9/03) 849 So.2d 616, 620-21.

Under similar facts, the Fourth Circuit affirmed the trial court's finding that the public bid law did not apply in a debris removal contract. *A.M.E. Disaster Recovery Servs., Inc. v. City of New Orleans*, 10-1755 (La. App. 4 Cir. 8/24/11), 72 So.3d 454, 457–58, *writ denied*, 11-2088 (La. 11/23/11), 76 So.3d 1154. The trial court stated that the contract for the Project, by consisting of grass cutting and debris removal services, was a "service contract," thereby making the Louisiana

---

who bid according to the bidding documents as advertised, and no such public work shall be done except as provided in this Part.

(U) Public entities may enter into maintenance contracts for the repair and maintenance of public facilities owned, controlled, or operated by a public entity for a fixed annual fee. Such contracts shall extend for a duration of not less than two years. Any such contract entered into by a public entity shall include a nonappropriation clause and shall not be considered a debt of the public entity. Such maintenance contract shall not be considered a public works contract.

(W) (1) This Section shall not apply to labor necessary for the maintenance of public works built and completed.

La. Rev. Stat. Ann. § 38:2212.1(A) (1)(a) All purchases of any materials or supplies exceeding the sum of thirty thousand dollars to be paid out of public funds shall be advertised and let by contract to the lowest responsible bidder who has bid according to the specifications as advertised, and no such purchase shall be made except as provided in this Part.

[4] The Parish, in its writ application (22-C-266), responded that it had elected to use the competitive bid process from La. Public Bid laws and found the law applicable to the respondent's case.

[5] The Third Circuit later clarified that the *Stevens* court was dealing with a jurisprudential definition of public works, which was later defined by statute. *Waste Mgmt. of Cent. Louisiana v. Beall*, 03-1710 (La. App. 3 Cir. 8/4/04), 880 So.2d 923, 930–31, *writ denied*, 04-2642 (La. 1/14/05), 889 So.2d 269. Using that definition, the Second Circuit in *Browning–Ferris, Inc. v. City of Monroe*, 465 So.2d 882 (La. App. 2 Cir.), *writ denied*, 467 So.2d 538 (La. 1985), held that an operating contract for a landfill between the City of Monroe and a waste company was a contract for services and not for a public work, and that the public bid law was not applicable. The Third Circuit found that similar to the *Browning-Ferris* case, the operating contract provided that Waste Management would perform the maintenance and operational services at the landfill, furnish personnel and equipment necessary for the performance of these services, and receive from the City of Alexandria all waste collected by the City for a flat monthly fee, and it was not a public work:

> As it applies to the particular facts of this case, the operating contract herein was not a "public work" when tested under the 1991 statutory definition of that phrase any more so than it was under the jurisprudential definition. The landfill was a public facility on immovable property leased by the City, but the work could hardly be construed as "the erection, construction, alteration, improvement, or repair" of that facility. The words of a law must be given their generally prevailing meaning. La. Civ. Code art. 11. A public dump is an "erection" only in the sense that it will get greater in size as waste is added to it. A mound of garbage and trash is not a "construction" except in the same sense of an increase in size. In this sense, garbage added to garbage is somewhat like zero added to zero. The mass of garbage steadily increasing is perhaps an "alteration" in appearance, but not in any other way, and surely it is not an "improvement." The generally prevailing meaning of the word "repair" does not include the maintenance, operation, or closure of a landfill.

Public Bid Law inapplicable. The Fourth Circuit stated that "we do not find that this type of debris removal contract falls under the purview of the [Louisiana Public Bid Law], as we do not find that it regards the erection, construction, alteration, improvement, operation, or repair of public property or immovable property." *Id.* at 458.

Therefore, as respondent's first claim seeks a remedy under the La. Public Bid Law which is not applicable to service contracts, it fails to state a cause of action. Thus, we find that the trial court erred in denying relator's exception of no cause of action as to the first count of respondent's petition. We grant this writ and sustain relator's exception of no cause of action as to respondent's cause of action under the public bid law, and remand this case to the trial court for further proceedings.

**WRIT GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 21, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-C-265

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
MCCLAIN R. SCHONEKAS (RESPONDENT)      PATRICK S. MCGOEY (RESPONDENT)      JOSHUA D. ROY (RELATOR)
W. REED SMITH (RESPONDENT)

### MAILED
MICHAEL A. THOMAS (RESPONDENT)      NAMISHA D. PATEL (RELATOR)      ANDREA V. TIMPA (RESPONDENT)
ATTORNEY AT LAW                     ROY H. MAUGHAN, JR. (RELATOR)   ATTORNEY AT LAW
112 HOLLY DRIVE                     ATTORNEYS AT LAW                909 POYDRAS STREET
METAIRIE, LA 70005                  634 CONNELL'S PARK LANE         SUITE 1600
                                    BATON ROUGE, LA 70806           NEW ORLEANS, LA 70112

COLIN C. CISCO (RESPONDENT)
ASSISTANT PARISH ATTORNEY
PARISH OF JEFFERSON
1221 ELMWOOD PARK BOULEVARD
SUITE 701
JEFFERSON, LA 70123